**RECEIVED**
2021 MAR 26 AM 7:53
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
TNWD OF TN MEMPHIS

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
☐ Eastern (Jackson) DIVISION
☒ Western (Memphis) DIVISION

Plaintiff,
JAMES E. TAGGART

vs.                                                                          No. _____

Defendant.
Kroger Limited Partnership I

COMPLAINT

1. This action is brought for discrimination in employment pursuant to *(check only those that apply)*:

    ☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin).
    *NOTE: In order to bring a suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

    ☒ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 – 634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 92-592, the Civil Rights Act of 1991, Pub. L. No. 102 -166)
    *NOTE: In order to bring a suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*

    ☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 – 12117 (amended by the ADA Amendments Acts of 2008, Pub. L. No. 110-325 and the Civil Rights Act of 1991, Pub. L. No. 1102-166).
    *NOTE: In order to bring a suit in federal district court under the Americans with Disabilities Act, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

## JURISDICTION

2. Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under Tennessee law.

## PARTIES

3. Plaintiff resides at:

   8894 Riverknoll Drive Cordova
   STREET ADDRESS

   Shelby, TN, 38016, 901-647-3095
   County / State / Zip Code / Telephone Number

4. Defendant(s) resides at, or its business is located at:

   800 Ridgelake Blvd Memphis
   STREET ADDRESS

   Shelby, Memphis, TN, 38120
   County / City / State / Zip Code

   NOTE: If more than one defendant, you must list the names, address of each additional defendant.

5. The address at which I sought employment or was employed by the defendant(s) is:

   800 Ridgelake Blvd

STREET ADDRESS

__Shelby__, __Memphis__, __TN__, __38016__.
County | City | State | Zip Code

6. The discriminatory conduct of which I complain in this action includes *(check only those that apply)*

☐ Failure to hire

☐ Termination of my employment

☑ Failure to promote

☐ Failure to accommodate my disability

☐ Unequal terms and conditions of my employment

☑ Retaliation

☐ Other acts *(specify)*: __Harassment__

**NOTE:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

7. It is my best recollection that the alleged discriminatory acts occurred on:
__October 2019 ongoing__.
Date(s)

8. I believe that the defendant(s) *(check one)*:

☑ is still committing these acts against me.

☐ is <u>not</u> still committing these acts against me.

9. Defendant(s) discriminated against me based on my:
*(check only those that apply and state the basis for the discrimination. For example, if religious discrimination is alleged, state your religion. If racial discrimination is alleged, state your race, etc.)*

3

- [✓] Race_____
- [ ] Color_____
- [ ] Gender/Sex_____
- [ ] Religion_____
- [ ] National Origin_____
- [ ] Disability_____
- [✓] Age. If age is checked, answer the following:
  I was born in **1959**____. At the time(s) defendant(s) discriminated against me.

  I was [✓] more [ ] less than 40 years old. *(check one)*

**NOTE:** *Only those grounds raised in the charge filed the Equal Employment Opportunity Commission can be considered by the federal district court.*

10. The facts of my case are as follows:

See Attachment

*(Attach additional sheets as necessary)*

**NOTE:** *As additional support for your claim, you may attach to this complaint a copy of the*

## CHRONOLOGY OF EVENTS

On October 4, 2019 I was instructed to report to Human resources. When I arrived I met with Kevin Lindsey, HR Manager and Justin Adams, District Manager. The conversation started with Lindsey saying "Have you heard about what has been occurring over the past couple of weeks?" He was referring to the separation of several middle managers within the division. I responded that I had heard of several highly compensated managers over 50 being offered severance packages or terminated. Lindsey handed me a letter signed by Stephanie Turner stating that I was being re-assigned to store 469 in West Memphis, Arkansas reporting on 10/6/2019, which I did. At that time I reminded Lindsey of my prior demotion and EEOC charge I had filed in 2009. This reassignment was again putting me in the same situation reassigning and demoting me from a Level 10/Level 77 high volume Store Manager to a Level 75 low volume Store Manager.

When I received my first paycheck I informed Lindsey that it was reduced by over $500 per month due to new taxes. I later sent Lindsey an email and certified letter and copied President, Victor Smith and VP, Stephanie Turner notifying them of the adverse impact and hardship this decision had caused. As a result of this move the company had adversely impacted me and my family creating a hardship by having to travel over 500 miles weekly to and from work, (without any inclement weather), as well as pay new Arkansas State taxes, and denied any training to re-acclimate me to the role of store manager as other younger managers had received (KLA training, Dale Carnegie courses, etc.)

I requested my compensation package be reviewed and rectified because Lindsey stated in our meeting that the company wanted to assign me to this location because of my qualifications and experience yet I was adversely impacted as a result. Shortly after I made this request I began receiving negative visits by the Vice President of Operations, Stephanie Turner, Vice President of Merchandising, Randall Melton, and District Manager, Justin Adams. These frequent visits by Executives as well as the HR Manager and District Manager are highly unusual and considered to be a threat to my dedicated 29 year career at Kroger.

On 1/2/2020 I received an email and visit from District Manager informing me that a write-up was going into my file for poor store conditions. The next day I received another visit from Melton about store conditions, while being accompanied by HR Manager, Lindsey. Melton was also in the store just 4 days prior with Adams. The company made the decision to reassign me to this store location which is well known for its poor conditions, poor inventory results, as well as high associate and store management turnover. This is my first assignment in over 4 years to the role of store manager and a lot has changed in the "New Delta Division." Yet without any training the expectation is that I fix this store after being assigned here less than 3 months

Prior to my complaint and re-assignment to this location I had not received any derogatory write-ups. In fact, during the past 29 years I have held several positions including Level 10 Administrative Management and Level 77 Store Manager, in which I have received many accommodations for a job well done.

Retaliation of harassment and intimidation is unwarranted because of my complaint of being adversely impacted by age, demotion and re-assignment, as well as filing a prior EEOC charge #490-2009-02537. This is creating a hostile work environment, in an effort to force me to quit or ultimately be terminated.

James Taggart

1/17/2020

November 29, 2020

Ms. Candice Williams
Equal Employment Opportunity Commission
Memphis District Office
1407 Union Avenue
Memphis, TN. 38104

RE: James Taggart and Kroger Limited Partnership I
Original Charge:    # 490-2020-00940
Amended Charge:  # 490-2020-02044

Dear Ms. Williams

**<u>Kroger Limited Partnership 1 denies it discriminated or retaliated in its response. I disagree and offer the following facts for my amended charges. Several of these items were addressed in my prior response to the company's position statement.</u>**

I have been employed by Kroger Limited Partnership I since March 11, 1991. During my nearly 30 years of employment I have never been disciplined for any reason until I filed an EEOC charge and subsequently filed an EEOC retaliation charge. I began receiving disciplinary actions after being assigned to store 469 for less than 2 months.

In October 2019, I met with Lindsey and Adams and informed the company was reorganizing several administrative positions and that my position of Waste Integration Specialist was being eliminated. Lindsey and Adams informed me that I was being assigned to store #469 in West Memphis Ar. (a lower volume level 75 store with many ongoing issues such as, store conditions, bad inventory results, as well as loss of profits). The company admits in its own prior position statement that this store already had many on-going problems prior to me being assigned there but disciplined me after only being assigned to this location for less than 2 months.

To no avail, I complained of the adverse impact including, demotion to a lower volume store when higher volume stores were open/available at the time, having to pay additional State income taxes, lower level bonus potential pay, loss of benefits and denied promotion opportunities. I expressed the reorganization disproportionately affected those 45 years of age and over.

Shortly after I filed EEOC charge # 490-2020-00940 in October 2019 the retaliation began. I received write-ups as follows: on 1/2/2020 for poor conditions well known to the company prior to my assignment. On 4/7/2020 I received a final warning for limiting customers inside an overcrowded store, which presented dire health consequences to my associates and

customers. This decision was made when District Manager Adams did not immediately return my phone call.
I immediately reached out to Adams proxy Alberta Paylor, District HR Specialist and received permission. In fact, the company had not provided adequate protective equipment at the time. In June 2020, I filed a retaliation charge #490-2020-02044, which was later amended due to ongoing retaliation.
(These items were addressed in my prior response to company's position statement)

The company claims to be an Equal Opportunity Employer, but it frequently fails to post job openings. Additionally, the company has used reorganization as a non-discriminatory reason to demote me to a lesser level 75 store manager position, but failed to mention there were at least 4 higher level stores open/available at the time of my demotion, including stores #410, #426, #457 and #489 all of which are located within the city of Memphis. For the record, store 426 had been vacant twice during the same time as my demotion, but not posted and offered to two junior less qualified candidates (Demario Jones and Vicki Audirsch) on both occasions. In fact, I had successfully managed this same store #426 a level 77 higher volume store during the years of 2010 – 2016, prior to my role as Operations Waste Integration Specialist. Store 426 was ultimately posted after the 3rd vacancy. I applied and finally offered the store around August 2020. Also, at that same time there were 4 administrative level positions open including (3) Operations Field Specialist positions as well as the position of Training and Recruitment Manager. Again, the company used its reorganization to offer these roles to less qualified candidates. These too were positions I held prior to the demotion. In retaliation the company deliberately failed to post these positions denying me an opportunity to apply.
(These items were addressed in my prior response to company's position statement)

I received another write-up on 10/23/2020 from District Manager Portia Frost for a department lead missing a CAO behavior and missing a metric on a promise shop conducted by an outside company. **(Exhibit #1).** As you can see many stores missed one or more metrics but not disciplined as I was. In fact, the promise shops at my store has better results than the entire district and division **(Exhibit #2).** Again, I was assigned to this store location in August 2020, less than 2 months before receiving this write-up.

**In summary, during my entire 30 years of employment, I have never received disciplinary action for any reason prior to filing an EEOC charge. Now in retaliation at age 60, I have received 3 write-ups in less than a year. I have been treated very unfairly as clearly shown by their retaliatory actions.**

As a result of these actions, I have suffered a loss of wages, additional taxes, loss of incentive bonus pay, and denial of other advancement opportunities.

Respectfully,

James Taggart

*charge filed with the Equal Employment Opportunity Commission or the Tennessee Human Rights Commission.*

11. It is my best recollection that I filed a charge with the Tennessee Human Rights Commission regarding defendant's alleged discriminatory conduct on: Jan. 2019

12. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct on: Jan 2019
   Date

**Only litigants alleging age discrimination must answer Question #13.**

13. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct. *(check one):*

   ☑ 60 days or more have elapsed

   ☐ Less than 60 days have elapsed.

14. The Equal Employment Opportunity Commission *(check one)*:

   ☐ has not issued a Right to Sue Letter.

   ☑ has issued a Right to Sue letter, which I **received** on 12/30/20
   Date

*NOTE:* *This is the date you received the Right to Sue letter, not the date the Equal Employment Opportunity Commission issued the Right to Sue letter.*

15. Attach a copy of the Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.

*NOTE: You must attach a copy of the right to sue letter from the Equal Employment Opportunity Commission.*

16. I would like to have my case tried by a jury:

   ☑ Yes

   ☐ No

**WHEREFORE,** plaintiff prays that the Court grant the following relief:

- ☐ direct that the Defendant employ Plaintiff, or

- ☐ direct that Defendant re-employ Plaintiff, or

- ☑ direct that Defendant promote Plaintiff, or

- ☐ order other equitable or injunctive relief as follows:_____

_____

- ☑ direct that Defendant pay Plaintiff back pay in the amount of _____ and interest on back pay;

- ☑ direct that Defendant pay Plaintiff compensatory damages: Specify the amount and basis for compensatory damages:_____

_____
SIGNATURE OF PLAINTIFF

Date: 3/26/2021

8894 RiverKnoll Dr.
Address

Cordova, TN. 38016

901-647-3095
Phone Number

6